UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MAQUINALES,<br><br>            Plaintiff,<br><br>     v.<br><br>DAVID I. ROHRDANZ, et al.,<br><br>            Defendants. | 1:13-cv-01993-BAM (PC)<br><br>ORDER DENYING MOTION FOR THE ATTACHMENT OF SUPPORTING DOCUMENTS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 11) |

Plaintiff Richard Maquinales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 25, 2013. The matter was transferred to this Court on December 5, 2013.

On February 7, 2014, Plaintiff filed a document entitled "Motion for attachment of supporting documents" and seeks to add supporting documents, including medical documents, for "all future decisions." The attached documents total more than 161 pages and include a motion for the appointment of counsel. (ECF No. 11.) As discussed more fully below, Plaintiff's request for the attachment of documents and request for the appointment of counsel shall be denied.

**I.      Motion for the Attachment of Documents**

Plaintiff seeks to add more than 150 pages of records for all future decisions. As

1

explained to Plaintiff in the First Informational Order issued on December 5, 2013, the Court will not serve as a respository for evidence.  Evidence, such as medical records, need not be submitted with the Court until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise.  Further, a pro se plaintiff need not attach exhibits to his complaint to prove the truth of what is said in the complaint.

At this juncture, the Court has not screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a).  If, upon screening, Plaintiff has not stated any cognizable claims, but may be able to do so, his Complaint will be dismissed with leave to amend.  If Plaintiff feels compelled to submit exhibits with any such amended complaint, he may do so, but is reminded that such exhibits must be attached to the complaint and must be incorporated by reference.  Fed. R. Civ. Pro. 10(c).  However, as the Court must assume that Plaintiff's factual allegations are true for screening purposes, it is generally unnecessary to submit exhibits in support of the allegations of the complaint.  Plaintiff's complaint will be screened in due course.

Accordingly, Plaintiff's motion for attachment of supporting documents shall be denied.

**II.     Motion for Appointment of Counsel**

Contained in Plaintiff's motion for attachment of supporting documents is a motion seeking the appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even

2

if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily from indigent prisoners regarding medical care. Although Plaintiff contends that he cannot understand due to a disability, he has not cited specific evidence of a disability and the Court will not search the more than 150 pages of various medical records to locate one in support of his claim. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Accordingly, Plaintiff's motion for the appointment of counsel shall be denied without prejudice.

### III.  Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the attachment of supporting documents is DENIED; and
2. Plaintiff's motion for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 7, 2014**             /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

3