1
2
3
4
5

# UNITED STATES DISTRICT COURT

6
7
EASTERN DISTRICT OF CALIFORNIA

8

9    RICHARD MAQUINALES,                )    1:13-cv-01993-BAM (PC)
                                        )
10              Plaintiff,              )    SCREENING ORDER DISMISSING
                                        )    COMPLAINT WITH LEAVE TO AMEND
11        v.                            )    (ECF No. 1)
                                        )
12   DAVID I. ROHRDANZ, et al.,         )    THIRTY-DAY DEADLINE
                                        )
13              Defendants.             )
                                        )
14                                      )

15

16       **I.        Screening Requirement and Standard**

17       Plaintiff Richard Maquinales ("Plaintiff") is a state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint,

19   filed on November 25, 2013, is currently before the Court for screening.

20       The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

22   1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

23   malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

24   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28

25   U.S.C. § 1915(e)(2)(B)(ii).

26       A complaint must contain "a short and plain statement of the claim showing that the

27   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

28   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

2   1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

3   (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

4   unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5   (internal quotation marks and citation omitted).

6        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

7   liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,

8   342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

9   plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

10  named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

11  (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

12  2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

13  consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at

14  678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

15       **II.      Plaintiff's Allegations**

16       Plaintiff is currently housed at High Desert State Prison in Susanville, California.  The

17  events alleged in the complaint occurred while Plaintiff was housed at Pleasant Valley State

18  Prison.  Plaintiff names the following defendants:  (1) Dr. David Rohrdanz; (2) D. Emert,

19  L.V.N.; (3) Dr. Randolph Wilson III; (4) M. Pascual, R.N.; (5) C.O. Jeffries; (6) C.O. Chastain;

20  (7) Sgt. Carlson; (8) C.O. Robert Reyes; and (9) S. Cass, L.V.N.

21       Count 1:  On July 22, Plaintiff returned from surgery and was placed in ad seg without

22  antibiotics.  Plaintiff put in numerous requests to see a doctor.  Plaintiff complained about high

23  blood pressure, pain and headaches, along with his need for antibiotics.  The doctor denied

24  Plaintiff's antibiotics.

25       At some point, Plaintiff saw a surgeon at an outside hospital.  The surgeon ordered a boot

26  ankle brace.  CDCR and Dr. Rohrdanz were supposed to supply them to Plaintiff, along with

27  crutches.  Plaintiff's cane and crutches were taken away by LVN Emert, which caused him pain

28  in his right foot and infection July 29, 2013.  LVN Emert, on Dr. Rohrdanz's orders, denied

Plaintiff his medical appliances and boot and ankle brace.  Plaintiff was in dire need of the boot and his foot became infected with MRSA.  Plaintiff had an open wound on his foot and ankle.  His foot swelled, his blood pressure increased and he could not breathe.  Plaintiff continually asked the doctor for antibiotics, which were denied.  Plaintiff claims that he almost died while in Ad Seg.  Plaintiff further claims that he is still being denied treatment for his infections and signs of Valley Fever and MRSA.

On November 11, 2013, Plaintiff had an infection. Dr. Rohrdanz failed to treat Plaintiff with antibiotics after he complained about ulcer infection, MRSA and high blood pressure.

Count 2:  On July 22, Plaintiff returned from surgery and was denied antibiotics by Dr. Wilson.  Plaintiff saw Dr. Wilson again on August 26, 2013, and told him that he had an infection leaking green puss and yellow mucus.  Dr. Wilson denied Plaintiff antibiotics.

From July 22 to the present, Plaintiff presented numerous 602s and 7312s for medical care.  Plaintiff contends that Nurse Pascual denied him medical care in administrative segregation.  Plaintiff told her many times of his infection, but she continued to neglect the fact that he had infections, high blood pressure, no brace and no crutches.

On September 22, 2013, Plaintiff was released from the hospital by Dr. Wilson.  Plaintiff's infection was still open and he didn't receive treatment in ad seg.  Plaintiff called the nurse, but Nurse Cass was not present in ad seg after 5:00.  Plaintiff had an open wood and high blood pressure.  Nurse Cass did not change Plaintiff's wound from July 22 to October.  Plaintiff was in need of medical care, but Nurse Cass did not come to Plaintiff's section in ad seg.  Nurse Pascual said that when Plaintiff was released, the staff did not send records or paperwork orders to ad seg.

Plaintiff claims that he was injured by Dr. Wilson failing to give him proper medical care and medications after surgery, which caused infections.  Plaintiff also claims that he was injured by Nurse Cass and Nurse Pascual denying him medical care.

Count 3:  On July 17, 2013, Plaintiff was having blood drawn by a nurse for surgery.  C.O. Reyes came behind Plaintiff and threw him on the ground, causing Plaintiff to injure his right foot when he was getting ready to have a plate and pins taken out.  On July 28, 2013,

1   Plaintiff saw Nurse Pascual and she gave Plaintiff's ankle brace to Sgt. Carlson.  Sgt. Carlson

2   ordered all medical appliances be given to him.  Plaintiff was given a brace, but C.O. Jeffries and

3   Sgt. Carlson took it.  Plaintiff asked Nurse Emert and Dr. Rohrdanz if he could have it, but they

4   said no.  Plaintiff was without an ankle brace and his foot got infected.

5         On August 29, 2013, C.O. Jeffries denied Plaintiff medical when he was sick with

6   infections.  LVN Howard was changing Plaintiff's bandage and it had a lot of mucus.  LVN

7   Howard was going to send Plaintiff to the hospital, but C.O. Jeffries said no and that Plaintiff

8   would see the doctor the following day.  C.O. Jeffries and C.O. Chastain were escorting Plaintiff

9   in October 2013 and Plaintiff asked to see a nurse because his foot was still leaking mucus.

10  They said no and escorted plaintiff back to ad seg.  The following day, Plaintiff could not breathe

11  and still had infections in ad seg.

12        Plaintiff claims that he was injured by Reyes throwing him on the ground.  Plaintiff also

13  claims that Sgt. Carlson injured Plaintiff by withholding his ankle brace after surgery.  Plaintiff

14  contends that C.O. Jeffries and C.O. Chastain injured Plaintiff by denying him medical care.

15        Plaintiff also contends that his due process rights were violated by the denial of his 602s.

16        Relief Requested

17        Plaintiff seeks injunctive relief, along with compensatory and punitive damages.

18  **III.**   **Discussion**

19  **A.  Federal Rule of Civil Procedure 8**

20        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

21  plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

22  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

23  of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678

24  (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

25  claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S.

26  at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also

27  Twombly, 550 U.S. at 556–557.

28

1    Here, Plaintiff's complaint is short, but does not contain a plain statement of his claims

2    showing that he is entitled to relief.  Plaintiff's complaint is disjointed and difficult to

3    understand, filled with repetitious statements and allegations and multiple conclusions.

4    Plaintiff's allegations are not sufficient to clearly state what happened, when it happened and

5    who was involved.

6         **B.  Federal Rules of Civil Procedure 18 and 20**

7         Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed.

8    R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir.2011); George v. Smith,

9    507 F.3d 605, 607 (7th Cir.2007). Plaintiff may bring a claim against multiple defendants so long

10   as (1) the claim arises out of the same transaction or occurrence, or series of transactions and

11   occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2);

12   Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997); Desert Empire Bank v. Insurance Co.

13   of North America, 623 F.2d 1371, 1375 (9th Cir.1980).  Only if the defendants are properly

14   joined under Rule 20(a) will the Court review the other claims to determine if they may be joined

15   under Rule 18(a), which permits the joinder of multiple claims against the same party.

16        Here, Plaintiff is attempting to bring unrelated claims against unrelated defendants in this

17   action.  For example, Plaintiff may not pursue a claim for deliberate indifference to serious

18   medical needs against doctors and nurses at Pleasant Valley State Prison, while simultaneously

19   pursuing a claim against Defendant Reyes for excessive force arising out of a separate and

20   distinct incident.  If Plaintiff elects to amend his complaint, Plaintiff shall choose which claims

21   he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets

22   forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be

23   improperly joined.

24        **C.  Deliberate Indifference to Serious Medical Needs**

25        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

26   inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

27   1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

28   L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

1  (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

2  result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)

3  "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096;

4  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

5       Deliberate indifference is shown where the official is aware of a serious medical need and

6  fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal

7  standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

8  The prison official must be aware of facts from which he could make an inference that "a

9  substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

10       Although not entirely clear, Plaintiff appears to state a cognizable claim for deliberate

11  indifference to serious medical needs against Drs. Rohrdanz and Wilson, along with Nurses

12  Emert and Pascual.  As noted above, however, Plaintiff has improperly joined his deliberate

13  indifference claims in this action with his excessive force claim.  Further, Plaintiff has not set

14  forth sufficient factual allegations to allow the Court to determine whether he states a claim for

15  deliberate indifference to serious medical needs against C.O. Jeffries, C.O. Chastain, Sgt.

16  Carlson or Nurse Cass.

17      **D.  Excessive Force**

18       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

19  conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,

20  452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a

21  prison official's use of force constitutes cruel and unusual punishment is "whether force was

22  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

23  cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156

24  (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085(312), 89 L.Ed.2d 251.

25       "The objective component of an Eighth Amendment claim is . . . contextual and

26  responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S.Ct. at 1000

27  (internal quotation marks and citations omitted). A prison official's use of force to maliciously

28  and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy,

1    559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010).  However, "[n]ot 'every

2    malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at

3    37 (quoting Hudson, 503 U.S. at 9, 112 S.Ct. at 1000).  Factors that can be considered are "the

4    need for the application of force, the relationship between the need and the amount of force that

5    was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085;

6    Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003).  Although the extent of the injury is

7    relevant, the inmate does not need to sustain serious injury. Wilkins, 130 S.Ct. at 1178–79;

8    Hudson, 503 U.S. at 7, 112 S.Ct. at 999.

9          At the pleading stage, Plaintiff has stated a cognizable excessive force claim against

10   Defendant Reyes.  However, as repeatedly indicated, Plaintiff has improperly joined this claim

11   with his claims for deliberate indifference to serious medical needs and Plaintiff many not

12   proceed on improperly joined claims.

13         **E.  Grievances (602s)**

14         Plaintiff does not have a constitutionally protected right to have his appeals accepted or

15   processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639,

16   640 (9th Cir.1988). The prison grievance procedure does not confer any substantive rights upon

17   inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.

18   Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993).

19         **IV.    Conclusion and Order**

20         Plaintiff's complaint fails to comply with Rules 8, 18 and 20.  The Court will grant

21   Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes, in good faith,

22   are curable.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

23         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

24   each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

25   556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations

26   must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S.

27   at 555 (citations omitted).

28

1    Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

2    claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

3    "buckshot" complaints).

4        Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

5    Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

6    complaint must be "complete in itself without reference to the prior or superseded pleading."

7    Local Rule 220.

8        Based on the foregoing, it is HEREBY ORDERED that:

9    1.    The Clerk's Office shall send Plaintiff a complaint form;

10   2.    Plaintiff's complaint is dismissed with leave to amend;

11   3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a

12        first amended complaint; and

13   4.    If Plaintiff fails to comply with this order, this action will be dismissed for failure

14        to obey a court order.

15

16   IT IS SO ORDERED.

17
     Dated:    **October 8, 2014**        /s/ Barbara A. McAuliffe
18                                         UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28