1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6
7
8

| | | |
|---|---|---|
| RICHARD MAQUINALES, | ) | 1:13-cv-01993-BAM (PC) |
| | ) | |
| Plaintiff, | ) | SCREENING ORDER DISMISSING |
| | ) | AMENDED COMPLAINT WITH LEAVE |
| v. | ) | TO AMEND |
| | ) | (ECF No. 15) |
| DAVID I. ROHRDANZ, et al., | ) | |
| | ) | THIRTY-DAY DEADLINE |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

9
10
11
12
13
14
15
16

I.      **Screening Requirement and Standard**

17

Plaintiff Richard Maquinales ("Plaintiff") is a state prisoner proceeding pro se and in

18

forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 9, 2014, the

19

Court dismissed Plaintiff's complaint with leave to amend.  (ECF No. 14.)  Plaintiff's amended

20

complaint, filed on October 20, 2014, is currently before the Court for screening.

21

The Court is required to screen complaints brought by prisoners seeking relief against a

22

governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

23

1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

24

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

25

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28

26

U.S.C. § 1915(e)(2)(B)(ii).

27

A complaint must contain "a short and plain statement of the claim showing that the

28

pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.  Plaintiff's Allegations

Plaintiff is currently housed at High Desert State Prison in Susanville, California. The events alleged in the complaint occurred while Plaintiff was housed at Pleasant Valley State Prison. Plaintiff names the following defendants:  (1) Dr. David Rohrdantz; (2) D. Emert, L.V.N.; (3) Dr. Randolph Wilson; (4) M. Pascual, R.N.; (5) C.O. Jeffries; (6) C.O. Chastain; (7) Sgt. Carlson; (8) C.O. Robert Reyes; (9) S. Cass, L.V.N.; and (10) C.O. Verduzco.

In Claim 1, Plaintiff alleges as follows:

I was injured and [received] surgery to remove medal [sic] plate and 7 pins and screws as I was getting blood drawn C.O. Reyes grab my chains and threw me to ground. I got surgery then my crutches were taken away by Chastain on or around July 22, 2013. My foot right fibula and tibula was hurt due to surgery and became infected. I notified Nurse Pascual numerous times and told doctor of my injury . . . and the Dr. Rohrdantz failed to properly monitor my infections because he was Skyping me while I was in Ad-seg. I kept complaing [sic] to Sgt. Carlson about it and to [receive] my medical brace and he denied it to me then my foot was swollen I told nurse and I seen Doctor Wilson he seen it was infected and

denied me medical antibiotics my right fibula was swollen turning black due to staff MRS and infections but he failed to give me treatment.  My foot fibula began turning black swollen and had a hole eating at my skin.  I told C.O. Jeffries and she denied me medical by telling nurse not to give me treatment.  I was taken out of ad seg to hospital where I was for a month [receiving] antibiotics.

(ECF No. 15, pp. 4, 6.)

In Claim 2, Plaintiff alleges as follows:

I was in hospital by a nurse who snuck me out of ad-seg for me wounds.  I was having trouble breathing due to this and MRSA and infection got worse.  I was denied by Dr. Wilson shoes brace cane insoles to help me out.  I was kicked out of Hospital by Doctors before my fibula healed.  I was in ad-seg and told C.O. Jeffries my foot was leaking green puss and yellow liquid from holes in my fibula ankle from the skin the nurse Cass and Pascual didn't know because records from hospital never followed me back to Ad-Seg in Oct 1 2013.  I told nurse Cass she failed to treat wounds denied me of medical care for ulcers and MRSA and H. plyori after I told Rohrdantz and Cass in ad-seg . . . I was in pain and high blood pressure was high also . . . .

(ECF No. 15, pp. 6-7.)

In Claim 3, Plaintiff alleges as follows:  "On July or so C.O. Verduzco took my crutches and I had a broken right fibula after surgery and I couldn't walk while I was in cell."  (ECF No. 15, p. 7.)

Plaintiff seeks damages, release from prison and medical appliances.

**III.   Discussion**

As with his original complaint, Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20.  Plaintiff will be given a final opportunity to amend his complaint.  To assist Plaintiff, the Court provides the following pleading and legal standards.  Plaintiff should amend only those claims that he believes, in good faith, are cognizable.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." <u>Iqbal,</u> 556 U.S. at 678

(citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.' " <u>Iqbal,</u> 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S.

at 555). While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u>; <u>see</u> <u>also</u>

<u>Twombly</u>, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but does not contain a plain statement of his claims

showing that he is entitled to relief.  Plaintiff's complaint is disjointed and difficult to

understand, filled with conclusory statements.  Plaintiff's allegations are not sufficient to clearly

state what happened, when it happened and who was involved.

### B.  Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed.

R. Civ. P. 18(a), 20(a)(2); <u>Owens v. Hinsley</u>, 635 F.3d 950, 952 (7th Cir.2011); <u>George v. Smith</u>,

507 F.3d 605, 607 (7th Cir.2007). Plaintiff may bring a claim against multiple defendants so long

as (1) the claim arises out of the same transaction or occurrence, or series of transactions and

occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2);

<u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir.1997); <u>Desert Empire Bank v. Insurance Co.</u>

<u>of North America</u>, 623 F.2d 1371, 1375 (9th Cir.1980).  Only if the defendants are properly

joined under Rule 20(a) will the Court review the other claims to determine if they may be joined

under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, Plaintiff is attempting to bring unrelated claims against unrelated defendants in this

action.  For example, Plaintiff may not pursue a claim for deliberate indifference to serious

medical needs against doctors and nurses at Pleasant Valley State Prison, while simultaneously

pursuing a claim against Defendant Reyes for excessive force arising out of a separate and

distinct incident.  If Plaintiff elects to amend his complaint, Plaintiff shall choose which claims

he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets

forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be

improperly joined.

### C.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to link Defendant Emert to a constitutional violation. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### D.  Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. <u>Farmer</u>, 511 U.S. at 837.

Although not entirely clear, Plaintiff appears to state a cognizable claim for deliberate indifference to serious medical needs against Defendants Pascual, Rohrdantz, Carlson, Wilson and Jeffries.  As noted above, however, Plaintiff has improperly joined his deliberate indifference claims in this action with his excessive force claim.  Further, Plaintiff has not set forth sufficient factual allegations to allow the Court to determine whether he states a claim for deliberate indifference to serious medical needs against C.O. Chastain, C.O. Verduzco or Nurse Cass.

### E.  Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); <u>Whitley v. Albers</u>, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085(312), 89 L.Ed.2d 251.

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." <u>Hudson</u>, 503 U.S. at 8, 112 S.Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010).  However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Wilkins</u>, 559 U.S. at 37 (quoting <u>Hudson</u>, 503 U.S. at 9, 112 S.Ct. at 1000).  Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." <u>Whitley</u>, 475 U.S. at 321, 106 S.Ct. at 1085; <u>Marquez v. Gutierrez</u>, 322 F.3d 689, 692 (9th Cir. 2003).  Although the extent of the injury is

relevant, the inmate does not need to sustain serious injury. <u>Wilkins</u>, 130 S.Ct. at 1178–79; <u>Hudson</u>, 503 U.S. at 7, 112 S.Ct. at 999.

At the pleading stage, Plaintiff has stated a cognizable excessive force claim against Defendant Reyes.  However, as repeatedly indicated, Plaintiff has improperly joined this claim with his claims for deliberate indifference to serious medical needs.

### IV.     Conclusion and Order

Plaintiff's amended complaint fails to comply with Rules 8, 18 and 20.  The Court will grant Plaintiff a final opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's amended complaint is dismissed with leave to amend;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

///

///

1        4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure

2    to obey a court order.

3

4    IT IS SO ORDERED.

5    Dated:   **October 23, 2014**                    /s/ *Barbara A. McAuliffe*

6                                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28